Robert Bennett SCHWARTZ, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE et al., Defendants.

Civ. A. No. 76–2039.

United States District Court,
District of Columbia,
Civil Division.

Aug. 30, 1977.

Robert Bennett Schwartz, pro se.

John Oliver Birch, Asst. U. S. Atty.,
Washington, D. C., for defendants.

### MEMORANDUM

JOHN H. PRATT, District Judge.

This is an action in which plaintiff seeks certain records from the Department of Justice and Peter A. Rodino, Jr., Chairman of the Committee on the Judiciary of the United States House of Representatives, on the investigation of one Peter R. Schlam. The Department of Justice is sued under the Freedom of Information Act. Mr. Rodino is sued under the common law right of access to public records. The matter is now before the Court on Mr. Rodino's motion to dismiss. Mr. Rodino claims that Congress is not subject to the common law rule which gives citizens a right of access to public records.

■ The historic common law right to inspect and copy public records is recognized in this jurisdiction. *United States v. Mitchell*, 179 U.S.App.D.C. 293, 551 F.2d 1252, 1257 (1976). The general rule is that all three branches of government, legislative, executive, and judicial, are subject to the common law right. *Courier-Journal & Louisville Times Co. v. Curtis*, 335 S.W.2d 934, 936 (Ky. 1959), *cert. denied*, 364 U.S. 910, 81 S.Ct. 272, 5 L.Ed.2d 224 (1960), *partially overruled on other grounds, St. Matthews v. Voice of St. Matthews, Inc.*, 519 S.W.2d 811 (Ky. 1974); 66 Am.Jur.2d *Records and Recording Laws* § 15 (1973).

■ Defendant Rodino has set forth no persuasive reason why Congress should be exempted from the common law rule. It is true that Congress has exempted itself from the requirements of the Freedom of Information Act, 5 U.S.C. § 552, by 5 U.S.C. § 551(1)(A). That Act, however, is not coextensive with the common law rule under discussion. It applies to *all* matters in Government files; the common law rule applies only to "public records." Moreover, we can find no inconsistency or conflict between the Freedom of Information Act and the common law rule. Even if there were an inconsistency or conflict, the Act would have to be construed narrowly, favoring application of the common law, because the Freedom of Information Act is in derogation of the common law.

■ Accordingly, we hold that Congress is subject to the common law rule which guarantees the public a right to inspect and copy public records. Absent a showing that the matters sought by plaintiff are not "public records" within the meaning of the common law rule or that plaintiff does not possess any "interest" required by the rule, we cannot grant defendant Rodino's motion for dismissal.

If Congress wishes to exempt itself from the common law rule or to impose standards for its application, it has the means to do so readily at its disposal. It has, however, not done so and therefore remains subject to the common law rule.

An order will issue accordingly.