**William T. MAYO, Plaintiff,**

v.

**U.S. GOVERNMENT PRINTING OFFICE, an Agency of the Government of the United States of America, Defendant.**

**No. C–92–1922 DLJ.**

United States District Court,
N.D. California.

June 16, 1992.

Order July 22, 1992.

William T. Mayo, pro se.

Asst. U.S. Atty. George Christopher Stoll, San Francisco, CA, for U.S.

## ORDER

JENSEN, District Judge.

On June 10, 1992 the Court heard plaintiff's motion for a temporary restraining order. William T. Mayo appeared pro se. Assistant United States Attorney George Christopher Stoll appeared for defendant. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court DENIES the motion for the following reasons.

### I. BACKGROUND [1]

Plaintiff is an attorney practicing in California. Plaintiff operates an electronic bulletin board service that provides slip opinions in electronic format from the California Supreme Court as well as the Ninth Circuit. Plaintiff obtains the slip opinions in electronic format directly from the electronic bulletin boards maintained by the respective courts. Plaintiff's bulletin board service allows persons using their own personal computer to download slip opinions free of charge.

Plaintiff alleges that defendant United States Government Printing Office maintains a "Project Hermes" electronic bulletin board service ("PHBBS") in which certain United States Supreme Court opinions are posted in electronic format. Plaintiff sought permission from defendant to directly log on to

---

**1.** For the limited purpose of this application for a temporary restraining order, the Court accepts as true the facts alleged in the complaint.

PHBBS. Plaintiff claims that he was told by defendant that he could not have direct access to PHBBS, but would have to access the electronic bulletin board through a designated federal depository library.[2] Plaintiff says that he repeated his request to other individuals in the defendant agency, but received the same response.

Plaintiff inquired about accessing PHBBS at three of the designated depository libraries: Golden Gate University School of Law Library, San Francisco's Main Public Library, and Hastings College of the Law Library. Plaintiff claims that he was actively discouraged from accessing PHBBS at the facilities because they did not have the resources nor the physical equipment necessary to facilitate access. Plaintiff was able to access PHBBS at the Golden Gate University School of Law Library, yet plaintiff claims that he had no working space and that the equipment was inadequate to download material in an efficient manner.

Plaintiff then filed his complaint in this action. Plaintiff seeks relief pursuant to the Freedom of Information Act ("FOIA") (5 U.S.C. § 552) and pursuant to an alleged common law right to copy public records. Plaintiff alleges that he has been denied reasonable and meaningful access to the PHBBS in that he has been denied permission to directly log onto PHBBS from his own personal computer. Plaintiff now seeks a temporary restraining order enjoining defendant from preventing plaintiff from having reasonable direct access to the PHBBS.

## II. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

■ The traditional test within the Ninth Circuit for issuing a temporary restraining order includes consideration of four factors: (1) The likelihood of the plaintiffs' success on the merits; (2) the threat of irreparable harm to the plaintiffs if the injunction is not imposed; (3) the relative balance of this harm to the plaintiffs and the harm to the defendants if the injunction is imposed; and (4) the public interest. *Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1388 (9th Cir.1988) (citing *Los Angeles Mem. Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir.1980)).

■ Courts within the Ninth Circuit have collapsed these factors into a two-prong test. To qualify for a restraining order, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Dumas v. Gommerman*, 865 F.2d 1093, 1095 (9th Cir.1989); *Apple Computer Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 525 (9th Cir.1984). These standards are not treated as two distinct tests, but rather as "the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987) (quoting *San Diego Comm. Against Registration And The Draft v. Governing Bd. of Grossmont Union High School Dist.*, 790 F.2d 1471, 1473 n. 3 (9th Cir.1986)); *see also Dumas*, 865 F.2d at 1095.

■ The FOIA specifically authorizes the district court to grant injunctive relief. The Act provides that, "[o]n complaint, the district court ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

Plaintiff argues that, in light of the express statutory authority for granting injunctive relief, the traditional legal standard for issuing a temporary restraining order should not apply. In essence, plaintiff contends that upon a prima facie showing of an FOIA violation, a plaintiff is entitled to immediate

---

**2.** In April 1990 the United States Supreme Court solicited applications from potential subscribers to the PHBBS, with a goal of providing a limited number of organizations with electronic text of its opinions. In May 1990 defendant Government Printing Office submitted a proposal to be one of the subscribers to the PHBBS and to make Supreme Court opinions available at federal depository libraries. The proposal was accepted. As of early 1991, the PHBBS was made available to all 1,400 federal depository libraries.

injunctive relief without regard to irreparable harm or likelihood of success on the merits. Plaintiff provides no case authority applying such a standard in a FOIA action. It is true that in certain instances, the Ninth Circuit has relaxed the standard for obtaining injunctive relief where a statute expressly authorizes the court to grant injunctive relief. *See, e.g., Trailer Train Co. v. State Board of Equalization,* 697 F.2d 860, 869 (9th Cir.1983) ("The standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief").

However, the Supreme Court has made clear that, despite statutory authorization for injunctive relief, the district court must still exercise its sound discretion in granting injunctive relief. *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 313, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982) ("The grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law"). Although mindful of the statutory authorization for granting injunctive relief and of the public interest inherent in any suit under the FOIA, the Court looks to the traditional legal standard for guidance in exercising its discretion regarding the instant motion.

## III. DISCUSSION

### A. *Likelihood of success on the merits.*

#### 1. *FOIA claim.*

■ Defendant argues that it is exempt from the FOIA. The FOIA provides generally that a federal government "agency" must provide certain information to the public. 5 U.S.C. § 552. For purposes of FOIA, "agency" means "each authority of the Government of the United States ... but does not include ... the Congress." 5 U.S.C. § 551(1)(A). Defendant contends that the GPO is a legislative agency within the meaning of the term "Congress," and thus is beyond the scope of the APA.

Defendant GPO is clearly a unit of the legislative branch. *See McKenzie v. Sawyer,* 684 F.2d 62, 68 (D.C.Cir.1982). Nevertheless, plaintiff contends that it is only "Congress" itself, and not units within the legislative branch that are exempt from the FOIA. The "Congress" exception under the FOIA has not been applied so narrowly. The exception applies generally to Congress and its institutions. *See generally* O'Reilly, *Federal Information Disclosure,* § 4.02 at 4–3—4–8 (2d ed. 1991) ("quasi-congressional bodies and institutions" such as the General Accounting Office, the Office of Technology Assessment, the Copyright Office, and the Government Printing Office, are exempt from the FOIA). Thus, for example, the Library of Congress has been considered to be exempt from the FOIA under the "Congress" exemption. *See Ethnic Employees of Library of Congress v. Boorstin,* 751 F.2d 1405, 1416 n. 15 (D.C.Cir.1985) (citing *Kissinger v. Report. Com. for Freedom of the Press,* 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980)).

Given the known relationship of the Government Printing Office and Congress, the probable outcome on the merits is that the defendant in this action is exempt from plaintiff's FOIA request. The Court need not actually decide the issue at this time, but finds that plaintiff has manifestly not made an adequate showing of the likelihood of his success on the merits of the FOIA claim.

#### 2. *Common law claim.*

Plaintiff also claims a right to access the PHBBS under the common law right to inspect and copy public records. Plaintiff relies on *Schwartz v. United States Dept. of Justice,* 435 F.Supp. 1203 (D.D.C.1977). In *Schwartz* the plaintiff sought records from the chairman of the judiciary committee of the House of Representatives regarding a Department of Justice investigation. The district court denied the defendant's motion to dismiss, holding that Congress is not exempt from the common law right to copy public records. *Id.* at 1204. In this case, plaintiff does not allege that he has been denied the right to inspect or copy Supreme Court opinions, but only that he has been

denied "meaningful" access to copies of the opinions contained on the PHBBS. Plaintiff provides no legal authority for the proposition that the general common law right to copy public records extends to complaints regarding the format in which public records are made available for copying. Accordingly, the Court finds that plaintiff has not made an adequate showing of likelihood of success on the merits of the common law claim.

### B. *Irreparable harm.*

In assessing whether plaintiff is threatened with irreparable harm, the Court is mindful of the public interest inherent in any suit under the FOIA. However, the harm complained of does not justify extraordinary, and immediate injunctive relief. The gravamen of plaintiff's complaint is that the defendant has made it inconvenient, and constructively impossible, to obtain United States Supreme Court slip opinions in electronic format from the PHBBS. However, the public information sought, Supreme Court slip opinions, is available to the public, free of charge, in other formats. PHBBS is not the exclusive source for the slip opinions. Moreover, plaintiff's access to PHBBS has not been absolutely precluded. Plaintiff concedes that in the course of his activities at the Golden Gate University School of Law Library, he was, in fact, successful in downloading certain slip opinions. While the process may have been inconvenient, the public information has not been made directly or indirectly inaccessible to the plaintiff.

There is also evidence in the record suggesting that the PHBBS itself is available from a source other than federal depository libraries. The Cleveland Free–Net System is an electronic bulletin board service that provides the public with, among other services, free access to the PHBBS. The Cleveland Free–Net System is accessible by modem through a personal computer. Plaintiff contends that he has encountered serious difficulty in using the Cleveland Free–Net System, specifically in attempting to access very recent Supreme Court opinions. In response, defendant provides the declaration of Ms. Judith C. Russell, Director of Library Programs Service of the U.S. Government

Printing Office. Ms. Russell contends that she was able to access the Cleveland Free–Net System on June 9, 1992 and had no difficulty retrieving and printing a Supreme Court opinion announced the previous day. The Court need not resolve the conflicting accounts regarding the accessibility of the PHBBS via the Cleveland Free–Net System. However, the mere fact that the Cleveland Free–Net System purports to make the PHBBS available to the general public illustrates the general availability of Supreme Court opinions in alternative formats.

There is no showing of immediate threatened harm to the plaintiff himself. Plaintiff seeks the electronically formatted slip opinions for his use in a computer bulletin board service which he provides free of charge to others who wish to access the electronic bulletin board. Plaintiff does not claim to rely on his bulletin board service for his livelihood. While free and convenient access to the opinions of the United States Supreme Court certainly is in the public interest, in light of the concededly wide and virtually instantaneous public access to such opinions in other formats, the alleged curtailment of such access in this case does not rise to the level of threatened irreparable harm.

Plaintiff has not made a sufficient showing of likelihood of success on the merits or of threatened irreparable harm to warrant injunctive relief at this time. Accordingly, plaintiff's motion for a temporary restraining order will be denied.

### IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

### ORDER

On June 16, 1992 the Court issued an Order denying plaintiff's motion for a "temporary restraining order." *Mayo v. U.S. Government Printing Office,* 839 F.Supp. at 701 (N.D.Cal.1992) ("Order"). However, the order was issued after a hearing in which both parties appeared, argued, and offered

evidence. Accordingly, and pursuant to stipulation of the parties, the Order shall be construed as denying plaintiff's motion for a preliminary injunction, rather than a motion for a temporary restraining order.

It is further ordered that all proceedings in this action, including discovery, are stayed pending further order of this Court.

IT IS SO ORDERED.