**Nickolas John ANDRADE, Petitioner–Appellant,**

v.

**UNITED STATES SENTENCING COMMISSION, Respondent–Appellee.**

**No. 91–16249.**

United States Court of Appeals, Ninth Circuit.

Submitted December 15, 1992.[*]

Decided March 24, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Nickolas Andrade, in pro. per.

James P. Loss, Asst. U.S. Atty., Phoenix, AZ, and Edward R. Cohen, U.S. Dept. of Justice, Washington, DC, for appellee.

Before NORRIS, BEEZER, and KLEINFELD, Circuit Judges.

PER CURIAM:

This case poses the question whether the United States Sentencing Commission is subject to the Freedom of Information Act ("FOIA"). We agree with the district court that it is not.

Appellant Andrade brought this action seeking to compel the Sentencing Commission to release certain records. The district court dismissed the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(1) & (6). We review *de novo* dismissal on either ground. *Persons v. United States*, 925 F.2d 292, 294 (9th Cir.1991) (lack of subject matter jurisdiction); *California Eastern Laboratories, Inc. v. Gould*, 896 F.2d 400, 403 (9th Cir.1990) (failure to state a claim).

FOIA is a part of the Administrative Procedure Act ("APA"). It applies to "any ... establishment in the executive branch of the Government ... or any independent regulatory agency." 5 U.S.C. § 552(f). It does not apply to "the courts of the United States." 5 U.S.C. § 551(1); *St. Michael's Convalescent Hospital v. State of California*, 643 F.2d 1369, 1373 (9th Cir.1981) (FOIA applies only to "agencies" as defined in 5 U.S.C. §§ 551(1) & 552(f)). At issue is whether the term "courts of the United States" includes the Sentencing Commission, which is an independent body within the judicial branch. 28 U.S.C. § 991(a); *Mistretta v. United States*, 488 U.S. 361, 385, 109 S.Ct. 647, 661, 102 L.Ed.2d 714 (1989).

Andrade points to language in the Supreme Court's decision in *Mistretta* saying that the Sentencing Commission is "not a court ... [but] an independent agency in every relevant sense." *Mistretta* at 393, 109 S.Ct. at 665. The Court recognizes, however, that " '[g]overnmental power cannot always be readily characterized with only one ... labe[l].' " *Id.* (*citing Bowsher v. Synar*, 478 U.S. 714, 749, 106 S.Ct. 3181, 3199, 92 L.Ed.2d 583 (1986)). The language Andrade cites from *Mistretta* appears in the context of a discussion of the constitutionality of the Sentencing Commission. That the Commission is not a "court" for separation of powers purposes does not compel the conclusion that it is a regulatory agency as that term is used in the Freedom of Information Act. We must look elsewhere to answer that question.

We believe the language of the statute establishing the Sentencing Commission makes clear Congress' intent that the Commission be exempt from FOIA. In directing the Commission to comply with certain provisions of the APA, not including FOIA, *see* 28 U.S.C. § 994(x), Congress indicated implicitly that the Commission should be exempt from other provisions of the statute. In the words of the old maxim of statutory construction, *inclusio unius est exclusio alterius.*

310

Finally, we note the two other circuits that have considered whether to apply FOIA or other unenumerated provisions of the APA to the Sentencing Commission have reached the same result. *See United States v. Lopez,* 938 F.2d 1293, 1297 (D.C.Cir.1991) ("by subjecting the promulgation of the Guidelines to ... one section of the APA, Congress affirmed that the Commission's rulemaking was not subject to any other provision of the APA"); *United States v. Frank,* 864 F.2d 992, 1013 (3rd Cir.) ("[h]ousing the Sentencing Commission in the judicial branch has the effect ... of exempting it from ... the Freedom of Information Act"), *cert. denied,* 490 U.S. 1095, 109 S.Ct. 2442, 104 L.Ed.2d 998 (1989).

AFFIRMED.