**WASHINGTON LEGAL FOUNDATION,**
Plaintiff,

v.

**U.S. SENTENCING COMMISSION,
et al., Defendants.**

**Civ. A. No. 93–986 (CRR).**

United States District Court,
District of Columbia.

July 7, 1993.

---

**9.** Plaintiff's original complaint in No. 92–119 names only the District of Columbia as defen-          dant.

Daniel A. Rezneck and Edward Sisson of Arnold and Porter, Daniel J. Popeo and Paul D. Kamenar of the Washington Legal Foundation of Washington, DC, for plaintiff.

Janet Reno, U.S. Atty. Gen. and Stuart E. Schiffer, Acting Asst. Atty. Gen., J. Ramsey Johnson, U.S. Atty. for the District of Columbia, Elizabeth A. Pugh and David H. Schanzer of U.S. Dept. of Justice, and John R. Steer of the U.S. Sentencing Com'n of Washington, DC, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it the Defendants' and the Plaintiff's respective Motions for Summary Judgment in the above-captioned case, in which the Plaintiff, Washington Legal Foundation, seeks access to certain private meetings and documents of the United States Sentencing Commission's Advisory Working Group on Environmental Sanctions. Based upon the Motions, the opposition thereto, the underlying record, and the applicable law, the Court must grant the Defendants' Motion and deny the Plaintiff's Motion.

## I. BACKGROUND

As part of the Sentencing Reform Act of 1984, Congress created the United States Sentencing Commission ("the Commission"). 28 U.S.C. §§ 991–98. The purpose of the Commission is to "establish sentencing policies and practices for the Federal criminal justice system" and to "develop means of measuring the degree to which the sentencing, penal, and correctional practices are effective in meeting the purposes of sentencing. . . ." 28 U.S.C. § 991(b). The Commission was "established as an independent commission *in the judicial branch* of the United States." 28 U.S.C. § 991(a) (emphasis added), and its placement therein has been upheld by the Supreme Court. *See Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

In February, 1992, the Commission established an Advisory Working Group on Environmental Sanctions ("the Advisory Group") to advise the Commission on the development of sentencing guidelines and policy statements with respect to organizations convicted of environmental offenses. The Advisory Group did not open its meetings to members of the public. Rather, the Advisory Group worked in private, generating a draft of recommended sentencing guidelines for environmental crimes which it released on March 5, 1993. The Advisory Group accepted public comments on the draft and held a public hearing on May 10, 1993. The Advisory Group plans to continue to meet privately until it completes its tasks as directed by the Commission.

The Plaintiff brought suit on May 12, 1993, after a number of attempts to gain access to the private meetings of the Advisory Group. The Plaintiff asserts that it is entitled to attend the meetings and to have access to the documents of the Advisory Group. The Plaintiff bases its claim on the Federal Advi-

sory Committee Act, 5 U.S.C.App. 2, §§ 1–15, the federal common law of public records, and the scope of the Commission's powers as set forth in 28 U.S.C. §§ 991–98.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate in cases in which:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In this case, the facts *are undisputed* surrounding the creation of the Advisory Group here involved. Therefore, the Court is only required to evaluate whether the Advisory Group is required, as a matter of law, to conduct open meetings or to make its internal documents and memoranda available to the public. Consequently, the Court may decide the case on summary judgment grounds. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## II. BECAUSE THE ADVISORY GROUP WAS NOT "ESTABLISHED OR UTILIZED" BY AN "AGENCY" IN THE EXECUTIVE BRANCH WITHIN THE MEANING OF THE FEDERAL ADVISORY COMMITTEE ACT, THE ADVISORY GROUP IS NOT SUBJECT TO THE REQUIREMENTS OF THE ACT.

The Plaintiff claims that the Advisory Group is subject to the Federal Advisory Committee Act, 5 U.S.C.App. 2, §§ 1–15 ("FACA"), which contains detailed requirements as to public notice of meetings, access to records used by advisory committees, and as to the open nature of advisory committee meetings. However, the Defendants correctly argue that the Advisory Group is not subject to FACA. FACA governs only those advisory committees which, *inter alia,* are "established or utilized by one or more *agencies,*" 5 U.S.C., App. 2, § 3(2)(C) (emphasis

added), as an "agency" is defined for purposes of the Administrative Procedure Act, 5 U.S.C. § 551(1) ("APA").

Under the APA, an "'agency' means each authority of the Government of the United States," but does *not* include "the courts of the United States." 5 U.S.C. § 551(1)(B). This exemption has been construed to include not only courts in the traditional sense, but also "the entire judicial branch of the Government." *In re Fidelity Mortgage Investors,* 690 F.2d 35, 38 (2d Cir. 1982), *cert. denied* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983); *Wacker v. Bisson,* 348 F.2d 602, 608 n. 18 (5th Cir. 1965). Thus, administrative bodies established in the judicial branch are not subject to the APA or the FACA.

The Commission, by the very terms used in the statute creating it, is "an independent commission in the judicial branch." 28 U.S.C. § 991(a). Consequently, courts have held that the Commission is exempt from the APA, the Freedom of Information Act, and other federal statutes. *See, e.g., United States v. Lopez,* 938 F.2d 1293, 1297 (D.C.Cir.1991); *Andrade v. United States Sentencing Commission,* 989 F.2d 308 (9th Cir.1993); *United States v. Frank,* 864 F.2d 992, 1013 (3rd Cir.1988), *cert. denied,* 490 U.S. 1095, 109 S.Ct. 2442, 104 L.Ed.2d 998 (1989). Placement of the Commission within the judicial branch does *not* constitute a violation of the separation of powers doctrine. *See Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Thus, the Commission is not an "agency" for purposes of the FACA, and the Advisory Group is not subject to the requirements of the FACA.[1]

The Plaintiff alternatively argues that, even if the Advisory Group was "established" by the Commission, as part of the judicial branch, the Advisory Group is still subject to FACA because it is "utilized" by the Department of Justice for advice and recommendations. Specifically, the Plaintiff

---

**1.** The Plaintiff argues strenuously that the Court should apply the "plain meaning" of the FACA and APA in reaching a contrary decision. Although the Court might be inclined to utilize the "plain meaning" rule as a tool of construction in the absence of other guidance, the Court has the benefit of a number of other court decisions, including some from the Court of Appeals for this Circuit, which lead the Court in another direction. *See* cases cited *supra.*

claims that the Advisory Group is utilized by the Department of Justice because the Attorney General's representative to the Commission, Roger Pauley, has submitted comments with respect to the Advisory Group draft guidelines on behalf of the Department of Justice. Also, two of the eighteen members of the Advisory Group are employees of the Department of Justice.

However, the Plaintiff has failed to show that the Department of Justice exercises the level of influence necessary to establish that the Department of Justice utilizes or controls the independent, ad hoc Advisory Group. As the Court of Appeals for this Circuit has held, " 'utilized' encompasses a group . . . so 'closely tied' to an agency as to be amenable to 'strict management by agency officials.' " *Food Chemical News v. Young*, 900 F.2d 328, 332–33 (D.C.Cir.1990), *quoting Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 462–63, 109 S.Ct. 2558, 2570, 105 L.Ed.2d 377 (1989). In this case, nothing suggests that the Advisory Group is subject to strict management by the Department of Justice, or that the Group is closely tied to the executive branch of the government. Consequently, because the Advisory Group was not established or utilized by an agency of the executive branch within the meaning of the FACA, the Advisory Group is not subject to the FACA's meeting and record requirements.[2]

### III. BECAUSE THE DOCUMENTS SOUGHT BY THE PLAINTIFF DO NOT CONSTITUTE "PUBLIC RECORDS" WITHIN THE MEANING OF THE COMMON LAW, THE COMMON LAW RIGHT OF ACCESS DOES NOT APPLY TO THE DOCUMENTS SOUGHT BY THE PLAINTIFF.

■ The Plaintiff's second argument is that the documents sought should be released because of the common law right of access to public documents. The common law recognizes "a general right to inspect and copy public records and documents. . . ." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). The right to inspect and copy such records is not absolute, however. *Id.* at 598, 98 S.Ct. at 1312. The "decision as to access is one left to the sound discretion of the trial court, a decision to be exercised in light of the relevant facts and circumstances of the particular case." *Id.*

■ Through this common law right, the Plaintiff seeks to open all documents of the Advisory Group to public inspection. However, the Plaintiff's claim goes far beyond the common law right of access. The right of access is limited to "public records," not every document contained within government files. *See Schwartz v. Department of Justice*, 435 F.Supp. 1203, 1204 (D.D.C.1977), *aff'd*, 595 F.2d 888 (D.C.Cir.1979). The documents sought in this case are not part of a public proceeding, nor are they official records, nor are they a final report by the Advisory Group. Rather, they are the predecisional materials upon which a final recommendation to the Commission may develop. The common law right of access does not extend to these materials. They are not designed for public release, they have no formal effect, and their release might well inhibit the "frank exchange of ideas and opinions" so essentially necessary for the performance of the duties of the United States Sentencing Commission or that of the Advisory Group here involved. *See Dudman Communications Corp. v. Department of Air Force*, 815 F.2d 1565, 1567 (D.C.Cir.1987).

■ Finally, the Court notes that the Plaintiff will have a full opportunity to review

---

**2.** The Court notes that a recent decision of the Court of Appeals for this Circuit, *Association of American Physicians and Surgeons, Inc. v. Clinton*, 997 F.2d 898 (D.C.Cir.1993), does not affect the conclusions of the Court. In that case, the Court of Appeals was called upon to determine whether the President's Task Force on National Health Care Reform and its working group were Advisory Committees for purposes of FACA. The Court held that the Task Force was not an Advisory Committee, but remanded for further proceedings to determine the status of the working group. The *Clinton* case revolved around an exception contained within the FACA not applicable to the instant case. Furthermore, unlike the *Clinton* case, no dispute exists as to whether the Advisory Group is a "committee" within the meaning of the FACA. Consequently, the expedited discovery ordered by the Court of Appeals in the *Clinton* case does not need to be conducted in the instant case, nor does either of the parties seek such discovery.

and comment upon any guidelines proposed by the Commission after its review of the work of the Advisory Group. *See* 28 U.S.C. § 994(x). Merely because the Plaintiff does not have access to these initial proceedings does not shut the Plaintiff out of the decision-making process. Furthermore, because subsequent proceedings will be open, less weight should be given the Plaintiff's desire to have immediate access to these preliminary proceedings. *See United States v. Doe,* 730 F.2d 1529, 1532 (D.C.Cir.1984). Thus, the Plaintiff does not have a common law right of access to the documents of the Advisory Group because they do not constitute "public records" within the meaning of the doctrine.

## IV. THE COMMISSION ACTED WITHIN ITS STATUTORY AUTHORITY WHEN IT CREATED THE ADVISORY GROUP AND PERMITTED IT TO MEET IN PRIVATE TO FORMULATE PROPOSALS TO ASSIST THE COMMISSION IN DEVELOPING SENTENCING GUIDELINES AS TO ENVIRONMENTAL OFFENSES COMMITTED BY ORGANIZATIONS.

█ The Plaintiff's final argument is that the Sentencing Reform Act, which created the Sentencing Commission, did not authorize the Commission to create and utilize an Advisory Group.[3] The Plaintiff concedes that the Commission is authorized to "accept and employ, in carrying out the provisions of [the Sentencing Reform Act], voluntary and uncompensated services...." by individuals such as those serving as members of the Advisory Group in this case. *See* 28 U.S.C. § 995(a)(7). The Plaintiff argues that the Commission may exercise this power only to the extent "necessary to carry out the purposes of" the Sentencing Reform Act. 28 U.S.C. § 995(b).

The Plaintiff does not dispute the authority of the Commission to establish Advisory Groups to assist it in formulating draft sentencing guidelines. The Plaintiff challenges, however, whether it is "necessary" for the Advisory Group to meet in private. The Defendants argue, properly, that the powers given to the Commission in § 994(a) are separate and apart from the general grant of authority in § 994(b), which gives to the Commission all other "necessary" powers. The Plaintiff has failed to establish that the general grant of authority in § 994(b) was designed as a substantive limitation on the powers given in § 994(a). Therefore, the Commission is not limited to accepting voluntary services *only* when those services are "necessary," in the narrowest sense of the term.

█ However, even if the Commission were limited to using volunteers only in ways "necessary" to carry out its purposes, the Court concludes that permitting an Advisory Group to meet in private does not exceed that authorization. The fact that the Advisory Group does not open its meetings to the public does not render its existence *ultra vires.* The Court notes that the draft guidelines generated by the Advisory Group were made public, and initial comments on those guidelines were welcomed. Before any such guidelines may be promulgated in final form by the Commission, a formal notice and comment period must be set. *See* 28 U.S.C. § 994(x). Thus, the Commission's statutory requirements regarding notice will be complied with before any adoption of new sentencing guidelines. Merely because the Advisory Group conducts its meetings in private during the initial, informal generation of draft proposals does not exceed the statutory authorization of 28 U.S.C. § 995 or invalidate the Advisory Group, the creation of which is *not* challenged by the Plaintiff.

## V. CONCLUSION

Upon consideration of the Defendants' and Plaintiff's Cross-Motions for Summary Judgment, the opposition thereto, the underlying record, and the applicable law, the Court concludes that the Advisory Group is not subject to the FACA because the Sentencing Commission is exempt from FACA coverage. Further, the common law right of access to public records does not extend to the inter-

---

**3.** The Defendant questions whether the Plaintiff has standing to raise this argument. Because the Court concludes that the argument has no merit, it need not decide the question of standing to raise this particular issue.

nal, non-public documents of the Advisory Group. Finally, the Sentencing Reform Act authorizes the Commission to establish Advisory Groups to assist it in fulfilling the purposes of the Act without regard to whether the Advisory Groups conduct their proceedings in private. Consequently, the Court must grant the Defendants' Motion for Summary Judgment and deny the Plaintiff's Motion for Summary Judgment. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### JUDGMENT

Upon consideration of the Defendants' Motion for Summary Judgment, the Plaintiff's Motion for Summary Judgment, the applicable law, the record herein, and for the reasons articulated in this Court's Memorandum Opinion of even date herewith, it is, by the Court, this 7th day of July, 1993,

ORDERED that the Defendants' Motion for Summary Judgment shall be, and hereby is, GRANTED; and that Judgment in the above-captioned case shall be, and hereby is, entered for the DEFENDANTS; and it is

FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.