15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eugen GEORGESCU, Plaintiff-Appellant,
v.
BECHTEL CONSTRUCTION, INC., Defendant-Appellee.
 No. 93-15424.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugen Georgescu appeals pro se the district court's dismissal of his employment discrimination action against his former employer Bechtel Construction, Inc. (Bechtel), alleging that Bechtel discriminated against him based upon his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Georgescu contends the district court erred by setting aside the default entered against Bechtel based upon the court's finding of a meritorious defense and dismissing his action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of Georgescu's action. See Andrade v. United States Sentencing Comm'n, 989 F.2d 308, 309 (9th Cir.1993) (per curiam). We review for abuse of discretion the court's decision to set aside an entry of default. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir.1986).
 
 
 4
 Entry of a default may be set aside for good cause. Fed.R.Civ.P. 55(c). "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Mendoza, 783 F.2d at 945-46 (alteration in original) (quotation omitted).
 
 
 5
 On May 23, 1989, the Equal Employment Opportunity Commission (EEOC) sent Georgescu a letter informing him that it had dismissed his discrimination claim and that he had ninety days from receipt of the letter to file a civil action. On August 18, 1989, Georgescu filed his Title VII claim in district court. The court, however, dismissed Georgescu's complaint without prejudice for failure to prosecute on August 24, 1990. Georgescu did not appeal that dismissal. Instead, he refiled an identical complaint on October 11, 1990, over sixteen months after his receipt of the right-to-sue letter from the EEOC. On October 9, 1991, the court entered an entry of default against Bechtel. Bechtel allegedly did not receive notice of the entry of default until October 12, 1992. On October 21, 1992, Bechtel filed a motion to set aside the entry of default, alleging improper service of process for the second complaint and expiration of the statutory filing period. Despite rejecting Bechtel's improper service argument, the court granted the motion to set aside the entry of default based upon a meritorious defense. There is no abuse of discretion.
 
 
 6
 Because the court's dismissal of Georgescu's original complaint without prejudice did not toll the statute of limitations, see United States v. State of Cal., 932 F.2d 1346, 1351 (9th Cir.1991), affirmed, 113 S.Ct. 1784 (1993); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir.1959) ("[A] suit dismissed without prejudice ... leaves the situation the same as if the suit had never been brought in the first place."), the second complaint was time barred by the ninety-day statute of limitations, see Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir.), cert. denied, 113 S.Ct. 196 (1992).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3