**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JOEL Z. ROBINSON,
Appellant.

CACI, INCORPORATED - FEDERAL;
CACI INTERNATIONAL, INCORPORATED,
Plaintiffs-Appellees,

v.

No. 95-2506

PENTAGEN TECHNOLOGIES
INTERNATIONAL, LTD; JOHN C. BAIRD;
MITCHELL R. LEISER,
Defendants-Appellants,

and

BAIRD TECHNOLOGIES, INCORPORATED,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-93-1631-A)

Argued: September 27, 1996

Decided: October 18, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joel Zulman Robinson, LAW OFFICES OF JOEL Z. ROBINSON & CO., New York, New York, for Appellants. Joseph William Koegel, Jr., STEPTOE & JOHNSON, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pentagen Technologies and its counsel, Joel Z. Robinson, appeal the district court's order adopting the recommendation of the magistrate judge imposing sanctions under Federal Rule of Civil Procedure 37(b) and (d) and 28 U.S.C.A. § 1927 (West 1994).* After reviewing the record, the parties' briefs, and the applicable law, and after listening to the parties at oral argument, we find no reversible error. Accordingly, we summarily affirm. See CACI Int'l, Inc. v. Pentagen Technologies Int'l, Ltd., Civil Action No. 93-1631-A (E.D. Va. July 7, 1995) (affirming order of the magistrate judge and imposing sanctions); see also CACI Int'l, Inc. v. Pentagen Technologies Int'l, Ltd., Civil Action No. 93-1631-A (E.D. Va. June 23, 1995) (magistrate judge's order).

In addition, we note that we have already heard and rejected in a prior appeal Appellants' argument that the district judge abused her discretion when she refused to recuse herself from the case. See CACI Int'l, Inc. v. Pentagen Technologies Int'l, Ltd., 70 F.3d 111, 1995 WL

_____

*Pentagen and Robinson were sanctioned in the amount of $1,040 and Robinson was sanctioned in the amount of $1,000 for failing to appear for properly noticed depositions. See CACI Int'l, Inc. v. Pentagen Technologies Int'l, Ltd., Civil Action No. 93-1631-A (E.D. Va. July 7, 1995).

2

679952, *6 (4th Cir. 1995) (per curiam) (unpublished disposition) (holding that Appellants' recusal arguments were "frivolous on their face"). As a result, Appellants' recusal arguments in this appeal are barred by the law of the case. See Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir. 1990) (stating that an appellate court's holding is generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal); see also Capital Investors Co. v. Executors of Estate of Morrison, 584 F.2d 652, 654 (4th Cir. 1978) (court "did not intend for earlier findings and conclusions, which had been affirmed on appeal, to be overturned with no new evidentiary basis for it"), cert. denied, Frost v. Executors of Estate of Morrison, 440 U.S. 981 (1979). Furthermore, we reaffirm the view we thought we previously had made crystal clear; that is, that we regard "as reprehensible Pentagen's claims that the district court `adopted a Lord Nelson one-eyed view of the facts,' that factual coincidences between Judge Brinkema, her spouse[,] and CACI `have created a "banana republic" perception of the court,' and that there was a `fix' between CACI and Judge Brinkema's husband." CACI Int'l, 70 F.3d at 111, 1995 WL 679952 at *6 n.12 (citations to Appellants' brief omitted). The order of the district court is therefore affirmed.

AFFIRMED

3