**PENTAGEN TECHNOLOGIES INT'L, LTD., et al., Plaintiffs,**

v.

**COMMITTEE ON APPROPRIATIONS OF THE UNITED STATES HOUSE OF REPRESENTATIVES, et al., Defendants.**

**No. CIV.A. 98–47(GK).**

United States District Court, District of Columbia.

July 30, 1998.

Joel Z. Robinson, New York, NY, for Pentagen Technologies Intern. Ltd., Russell D. Varnado.

Kerry William Kircher, U.S. House of Representatives, Washington, DC, for Committee on Appropriations of the U.S. House of Representatives, Bob Livingston.

## MEMORANDUM OPINION

KESSLER, District Judge.

Plaintiffs Pentagen Technologies Int'l Ltd. ("Pentagen") and Russell Varnado [1] seek to review and copy a series of investigative reports prepared for the House Appropriations Committee ("Appropriations Committee" or "Committee") of the United States House of Representatives. The reports relate to a federal government program, the Department of Defense's Sustaining Base Information Services ("SBIS") program, for which the Committee recommended appropriate funding levels. The reports have not been released to the public, and the Committee has refused to release them to Plaintiffs. Defendants claim that the reports are protected from disclosure. [2] Plaintiffs bring this action under the common-law right to inspect and copy public documents and seek a court order compelling Defendants to release the reports.

This matter is now before the Court upon Defendants' Motion to Dismiss [# 7]. Upon consideration of the Defendants' Motion, Plaintiffs' Opposition, Defendants' Reply, and the entire record herein, Defendants' Motion to Dismiss [# 7] is hereby **granted.**

---

1. Varnado is identified in Plaintiffs' Complaint only as a resident of Fort Washington, Maryland. (Compl. ¶ 3.)

2. Plaintiffs apparently intend to use the reports in a pending case, *U.S. ex rel. Pentagen, et al. v. CACI, et al.,* 96 Civ. 7827 (S.D.N.Y.)(RWS), currently under appeal in the 2nd Circuit (No. 97–6326). Plaintiffs filed that case under the False Claims Act alleging that several large defense procurement contractors won a $474 million SBIS government contract by falsely claiming that they had certain capabilities to modernize the Department of Defense's computer software applications. Plaintiffs sought government intervention in that case, but the Department of Justice declined to intervene. (Compl. ¶ 9.)

## I. STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. *Shear v. National Rifle Ass'n of Am.*, 606 F.2d 1251, 1253 (D.C.Cir.1979).

## II. BACKGROUND

The Appropriations Committee is responsible for, among other things, "[a]ppropriation of the revenue for the support of the Government". Rule X.1(b)(1), Rules of the House of Representatives (105th Cong.) ("House Rules"). The Committee has authority to "conduct such studies and examinations of the organization and operation of executive departments and other executive agencies ... as it may deem necessary to assist it in the determination of matters within its jurisdiction." House Rules X.2(b)(3). The Congressional Survey and Investigation Staff ("Investigation Staff") performs this investigative function for the Committee. (Defs.' Mem. Mot. to Dismiss at 3; Pls.' Opp'n at 14.)

Defendants state that the Appropriations Committee's Subcommittee on National Security ("Subcommittee")[3] asked the Investigation Staff to examine the SBIS program. In response, the Investigation Staff compiled several reports between 1994 and 1996 evaluating the program. (Defs.' Mem. Mot. to Dismiss at 4.)

Plaintiffs seek to review and copy the investigative reports relating to the SBIS program prepared by the Investigation Staff after June 1993. Plaintiffs claim that they have a right to receive the reports pursuant to the "historic common-law right to inspect and copy public records" articulated in *Schwartz v. United States Dept. of Justice*, 435 F.Supp. 1203, 1204 (D.D.C.1977). The

Appropriations Committee has refused to provide Plaintiffs with copies of the reports.

## III. ANALYSIS

Defendants argue that the reports fall within the legislative sphere and are thus protected from disclosure by the Speech or Debate Clause of the Constitution of the United States, as well as its Rulemaking and Journal Clauses, U.S. Const. art. I, § 6, cl. 1 and § 5, cls. 2 & 3.

The Speech or Debate Clause protects legislators from being "questioned in any other Place", "for any Speech or Debate in either House". U.S. Const. art. I, § 6, cl. 1

The Supreme Court has read the Clause broadly, reasoning that "a private civil action ... creates a distraction and forces Members to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Eastland v. United States Servicemen's Fund, et al.*, 421 U.S. 491, 503, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975). For that reason, the Court has held that once a court determines that Members are acting within the " 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference." *Id.*

The "legislative sphere" includes activities that are "an integral part of the deliberative and communicative processes by which Members [of Congress] participate in committee and House proceedings..." *Id.* at 504, 95 S.Ct. 1813 (quoting *Gravel v. U.S.*, 408 U.S. 606, 624–25, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972)). Activities other than literal speech or debate can fall within that definition. *Id.* at 503, 95 S.Ct. 1813. For instance, the Supreme Court has concluded that the power to investigate falls within the legislative sphere because a "legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change." *Id.* at 504, 95 S.Ct. 1813 (quoting *McGrain v. Daugherty*, 273 U.S. 135, 175, 47 S.Ct. 319, 71 L.Ed. 580 (1927)).

---

**3.** The Subcommittee on National Security was formerly known as the Subcommittee on Defense.

Our Court of Appeals has echoed the Supreme Court's broad reading of the Speech or Debate Clause, affirming that "[t]he privilege [ ] permits Congress to conduct investigations and obtain information without interference from the courts". *Brown & Williamson Tobacco Corp.*, 62 F.3d 408, 416 (D.C.Cir.1995) (citing *Eastland*, 421 U.S. at 503, 95 S.Ct. 1813).

■ The protections of the Speech or Debate Clause extend to congressional use of records and documents. The *Brown & Williamson* Court stated that "[t]he law is clear that ... use of [ ] documents by the committee staff in the course of official business is privileged legislative activity." 62 F.3d at 417 (quoting *McSurely v. McClellan*, 553 F.2d 1277, 1296–97 (D.C.Cir.1976) (en banc)).[4] The court reasoned that:

"Documentary evidence can certainly be as revealing as oral communications... [I]ndications as to what Congress is looking at provide clues as to what Congress is doing... [T]his is true whether or not the documents are sought for the purpose of inquiring into (or frustrating) legislative conduct or to advance some other goals".

*Brown & Williamson*, 62 F.3d at 420.

■ Defendants thus argue persuasively that since the reports are documents that were used by the Committee in the course of its official business, the reports are protected from compulsory disclosure by the Speech or Debate Clause.

Plaintiffs respond that the Speech or Debate Clause is irrelevant here, because they seek "investigative" as opposed to "legislative" materials. Plaintiffs also argue that Defendants' position is "untenable" because congressional investigatory actions are not immune from judicial review, and because "Congress' investigatory power is not, itself, absolute". (Pls.' Opp'n at 3–4, quoting *United States v. Am. Tel. & Tel.*, 567 F.2d 121, 129 (D.C.Cir.1977) (quoting *Barenblatt v. United States*, 360 U.S. 109, 111–112, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959)).)

Finally, Plaintiffs claim that the common law right to inspect and copy public records entitles them to the reports. Plaintiffs rely primarily on *Schwartz*, 435 F.Supp. at 1203, where the District Court for the District of Columbia held that "Congress is subject to the common law rule which guarantees the public a right to inspect and copy public records." *Id.* at 1204. Plaintiffs note that the plaintiff in *Schwartz* also sought investigative records. They argue that since the Speech or Debate Clause was irrelevant in that case, it is irrelevant here as well.

The Court must reject Plaintiffs' arguments. First, Plaintiffs offer no support for their assertion that "investigative" materials fall outside the protection of the Speech or Debate Clause. As discussed above, the Supreme Court in *Eastland*, 421 U.S. at 491, 95 S.Ct. 1813, as well as our Court of Appeals in *Brown & Williamson*, 62 F.3d at 417, have explicitly held otherwise.

Second, Plaintiffs fail to adequately explain or support their argument that the investigative reports fall outside the protection of the Speech or Debate Clause simply because congressional investigatory power is limited and subject to judicial review. The scope of Congress' investigatory authority is not at issue in this case. Plaintiffs point to nothing that supports their argument, which again directly contradicts the case law discussed above.

■ Finally, Plaintiffs ignore that the public's right to inspect and copy is not unlimited. The public has a right of access only to those documents that can be considered "public records". *Washington Legal Found. v. United States Sentencing Comm'n*, 89 F.3d 897, 899 (D.C.Cir.1996) ("*WLF II*") (quoting *Washington Legal Found. v. United States Sentencing Comm'n*, 17 F.3d 1446, 1451–52 (D.C.Cir.1994) ("*WLF I*")).

■ Our Court of Appeals has defined "public record" as "a government document created and kept for the purpose of memorializing or recording an official action, decision, statement, or other matter of legal sig-

---

4. The D.C. Circuit Court has rejected the Third Circuit's conclusion that "the Speech or Debate Clause privilege, 'when applied to records... is one of nonevidentiary use, not of nondisclosure.'" *Id.* at 420 (quoting *In Re Grand Jury Investigation*, 587 F.2d 589 (3d Cir.1978)).

nificance, broadly conceived." *WLF II* at 905. The definition excludes "the preliminary materials upon which an official relied in making a decision or other writings incidental to the decision itself." *Id.* at 906.

█ Even if a document can be considered a public record, however, the public does not automatically have a right of access to it. Instead, after determining that a document is a public record, a court must then "proceed to balance the government's interest in keeping the document secret against the public's interest in disclosure." *Id.* at 899 (quoting *WLF I* at 1451–52). If a document is not a public record, then it is not subject to the common law right of access. *WLF II* at 900.

█ Presuming the allegations of Plaintiffs' Complaint to be true, the Court finds that the reports prepared by the Investigation Staff at the request of the Subcommittee are "preliminary materials" that do not fall within the definition of "public records" employed by this Circuit. Plaintiffs acknowledge that the reports are "investigative" in nature and do not allege that they memorialize or record any official action taken by the Committee. Thus, the reports are not "public records" as defined by *WLF II.* There thus exists no common law right of access to the reports, and the Court need not apply the second-step balancing test of *WLF I* to the reports.

The Court concludes that investigative reports are protected from compulsory disclosure by the Speech or Debate Clause of the Constitution. Defendants will thus not be required to provide the reports to Plaintiffs.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [# 20] is hereby **granted.** An Order will issue with this Opinion.