PENTAGEN TECHNOLOGIES IN-
TERNATIONAL LTD. and Rus-
sell D. Varnado, Plaintiffs,

Joel Z. Robinson, Appellant,

v.

UNITED STATES of America, Caci
International Inc., Caci Systems In-
tegration, Inc., Caci, Inc. Federal,
International Business Machines
Corporation, Lockheed Martin Cor-
poration, American Telephone &
Telegraph Company, Prc, Inc., I–Net
Inc., Statistica, Inc., Express Compa-
ny Secretaries Limited, Jordan &
Jordans & Sons Limited, Jordans
Group Ltd, Steptoe & Johnson, J.
William Koegel, Jr, Esq., Davies Ar-
nold & Cooper, and George Menzies,
Esq. Defendants–Appellees.

No. 02–6061.

United States Court of Appeals,
Second Circuit.

April 23, 2003.

Joel Z. Robinson, New York, NY, for
Plaintiffs–Appellants.

J. William Koegel, Jr., Steptoe & John-
son, Washington, D.C., for Defendants–
Appellees.

Present: NEWMAN, POOLER, and
KATZMANN, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL

REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United Stated Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of April, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

In an opinion, dated June 29, 2000, the District Court dismissed plaintiffs' claims as to all defendants and denied plaintiffs' motion to file an amended complaint. *See Pentagen Techs. Int'l Ltd. v. United States*, 103 F.Supp.2d 232 (S.D.N.Y.2000). Defendants CACI International Inc., CACI Systems Integration, Inc., and CACI Inc., Federal (collectively "CACI") subsequently filed a motion for sanctions against plaintiffs and their counsel of record, Joel Z. Robinson ("Mr.Robinson"), which motion was granted in an opinion dated, November 5, 2001. *See Pentagen Techs. Int'l Ltd. v. United States*, 172 F.Supp.2d 464 (S.D.N.Y.2001). Specifically, the District Court ordered sanctions against Mr. Robinson pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. Section 1927, and enjoined plaintiffs pursuant to 28 U.S.C. Section 1651(a) from filing any further litigation in the Southern District of New York without permission of the court. Mr. Robinson now appeals this grant of sanctions.

The instant case forms a small part of a remarkable torrent of litigation arising from the failure more than a decade ago of Pentagen Technologies International Limited ("Pentagen") to obtain a contract to provide computer software to the United States Army. Since losing the contract Pentagen has sought relief from a roster of defendants in a number of judicial fora pursuant to a range of statutory and common law claims.

Several highlights of Pentagen's litigiousness stand out. Three actions it filed in the Southern District of New York were consolidated and dismissed in 1996. *See Pentagen Techs. Int'l. Ltd. v. CACI Int'l. Inc.*, 1996 WL 435157 (S.D.N.Y. Aug.2, 1996). CACI brought suit in the Eastern District of Virginia seeking, *inter alia*, a declaratory judgment against Pentagen that it violated none of Pentagen's copyright and trademark rights with respect to CACI's marketing of computer software to the United States Army. This relief was granted, *see CACI Int'l Inc. v. Pentagen Techs. Int'l Ltd.*, 1994 WL 1752376 (E.D.Va. June 16, 1994), and affirmed by the Fourth Circuit. *See CACI Int'l Inc. v. Pentagen Techs. Int'l Ltd.*, 1995 WL 679952 (4th Cir. Nov.16, 1995) (per curiam). As part of that appeal, the Fourth Circuit considered Pentagen's motion for recusal of the district judge on the ground that she has decided the case in a manner that benefitted her husband. The Fourth Circuit characterized this motion as "frivolous on [its] face" and "reprehensible." *Id.* at *6, n. 12. In a later related action, the Fourth Circuit affirmed an award of monetary sanctions against Mr. Robinson for misconduct. *See In re Joel Z. Robinson*, 1996 WL 597829 (4th Cir. Oct.18, 1996) (per curiam).

The Southern District of New York has also dismissed an action brought by Pentagen under the False Claims Act, 31 U.S.C. Section 3729, characterizing some of its arguments as "admittedly ridiculous." *See United States ex rel. Pentagen Techs. Int'l Ltd. v. CACI Int'l Inc.*, 1996 WL 11299 at *16 (S.D.N.Y. Jan.4, 1996). Yet another action was dismissed on grounds of res judicata, *see United States ex rel. Pentagen Techs. Int'l Ltd. v. CACI Int'l Inc.*, 1997 WL 473549 (S.D.N.Y. Aug.18, 1997), a dismissal affirmed by this Court. *See United States ex rel. Pentagen Techs. Int'l v. CACI Int'l Inc.*, 1999 WL 55259 (2d Cir. Feb.5, 1999). During oral argument on that appeal, Mr. Robinson represented to this Court that he would not file any further related actions.

Another action against the U.S. Army brought in the Federal Court of Claims was dismissed for failure to state a claim, *see Pentagen Techs. Ltd., Inc. v. United States*, No. 97–245 (Fed Cl.), *aff'd*, 175 F.3d 1003 (Fed.Cir.1999), as was an action against the United States House of Representatives. *See Pentagen Techs, Int'l Ltd. v. Comm. of Appropriations of the U.S. House of Representatives*, 20 F.Supp.2d 41 (D.D.C.1998), *aff'd*, 194 F.3d 174 (D.C.Cir. 1999) (table).

What is more, in spite of his representation to this Court in 1999, Mr. Robinson filed two more actions in the Southern District of New York on behalf of Pentagen. Both have been dismissed. *See Pentagen Techs. Int'l Ltd. v. United States*, 2002 WL 465308 (S.D.N.Y. March 26, 2002), *United States ex rel. Pentagen Techs. Int'l. Ltd. Ltd. v. United States*, 2001 WL 770940 (S.D.N.Y. July 10, 2001); Pentagen's filing of one of these actions was characterized as a "pusillanimous attempt[ ]" to circumvent Judge Sprizzo's dismissal of the instant case. 2001 WL 770940 at *10.

Perhaps inevitably, Mr. Robinson tried to head off oral argument on the instant appeal by filing a frivolous last-minute motion for postponement. At oral argument itself, Mr. Robinson pressed the Court to reconsider the imposition of sanctions in light of "new evidence," discovered in 2000, which purportedly establishes the efficacy of Pentagen's claims. But such evidence has already been considered and found insufficient to allow Pentagen to "escape the preclusive effect of prior judgments." 2002 WL 465308 at *6.

Mr. Robinson's conduct has been bizarre and intolerable. We are in full agreement with the District Court's assessment "that this is a most appropriate case" for the imposition of sanctions, 172 F.Supp. at 473, and we affirm its decision in all respects. In addition, at the suggestion of CACI's counsel, we recommend that the District Court consider extending the injunction imposed under 28 U.S.C. Section 1651(a) to require that any further papers or process filed on behalf of Pentagen in the Southern District of New York be signed by counsel independent of Mr. Robinson.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.